IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| LARYIE EARL JONES | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-5-F |
| ANTHONY CLARK, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated in the Covington County Jail. He files this complaint under 42 U.S.C. § 1983 complaining that defendants acted in violation of his civil rights by arresting him without probable cause thereby causing him to be falsely imprisoned and subject to malicious prosecution on drug offenses. Plaintiff seeks damages against the named defendants. Upon review of the complaint, the court concludes that dismissal of Defendant Walter Merrel is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**DISCUSSION**

Among the named defendants in this § 1983 action is Chief Assistant District Attorney Walter Merrel. (*See* Doc. Nos. 1, 22, 23.) The court understands Plaintiff to

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

challenge the actions of Defendant Merrel regarding matters related to the criminal charges pending against him. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991). *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). Absolutely immunity extends to a prosecutor's activities with respect to a malicious prosecution claim. *Hill v. City of New York*, 45 F.3d 653, 661 (2nd Cir. 1995). To the extent Plaintiff contends that the prosecution improperly sought to increase his bail, prosecutors are absolutely immune for actions taken in connection with a bail application which are best understood as components of the initiation and presentation of a prosecution. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2nd Cir. 1995).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Merrel arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Merrel is, therefore, "entitled to absolute immunity for that conduct." *Id.*

To the extent Plaintiff seeks declaratory relief which would result in his release, his action must be dismissed under the Supreme Court decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In that case, the Court held that a state prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release may not seek such relief in a § 1983 action but must file a petition for writ of habeas corpus. *See also Heck v. Humphrey*, 512 U.S. 477 (1994).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendant Merrel be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Defendant Merrel be dismissed as a party to this case; and

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 4, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of March, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE